**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Najah Abdel-Hakim, | No. CV-25-04078-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Mayo Clinic, | |
| Defendant. | |

In this employment discrimination action, plaintiff Najah Abdel-Hakim and defendant Mayo Clinic Arizona ("Mayo") submitted a joint summary of discovery disputes regarding Abdel-Hakim's discovery responses. (Doc. 20.) Abdel-Hakim responded late to Mayo's written discovery requests[1] and Mayo argues she refuses to authorize a medical record production, has produced incomplete text message conversations, and has provided inconsistent responses regarding and raised improper objections to Mayo's proposed subpoenas to her post-Mayo employers. (Doc. 20 at 1-4.)

Mayo believes Abdel-Hakim should execute a HIPAA authorization that would permit *all* of Abdel-Hakim's medical providers to share all of her health information and records (including outside records and billing records), with no exceptions. (Doc. 20-1 at 24.) That is a very broad authorization; plaintiffs in disability-related employment actions must typically provide only those medical records that directly relate to the claims. *See Williams v. Redwood Toxicology Lab'y*, No. 421CV04501HSGLB, 2022 WL 3285426, at

---

[1] Failure to timely respond to discovery requests generally constitutes a waiver of any objections to those requests. Fed. R. Civ. P. 33(b)(4).

*4 (N.D. Cal. Aug. 11, 2022) (requiring production only of medical records related to physical conditions referenced in complaint and emotional distress allegations); *Equal Emp. Opportunity Comm'n v. Cheesecake Factory, Inc.*, No. C16-1942JLR, 2017 WL 4168264, at *1 (W.D. Wash. Sept. 19, 2017) (court requires plaintiff to produce only those medical records that relate to claimed disability); *Burk v. CRISIS24, Inc.*, No. 2:24-CV-04698-MWF-MAR, 2025 WL 1723170, at *5 (C.D. Cal. May 7, 2025) ("Plaintiff need only sign a medical record form that is limited to relevant records."). However, Abdel-Hakim's alternative, which permits her medical providers to share only records that are "reasonably related" to her claims (Doc. 20-1 at 27-28) is not workable, because that would place the burden on the non-party medical provider to determine which medical records are legally relevant. At present, Mayo has not established a need for all records from all of Abdel-Hakim's providers, but they may obtain full records from all providers who treated Abdel-Hakim for the medical conditions related to her claims. Accordingly: (1) Abdel-Hakim must identify all the medical providers who treated her for the conditions related to her claims and sign a full release for those providers; and then (2) Mayo may request records from those providers.

Meanwhile, Mayo alleges Abdel-Hakim has produced only selected excerpts of relevant text conversations. (Doc. 20 at 2.) Abdel-Hakim supplemented one response, but that supplementation only added three more text messages and appears to have lost or deleted at least one message that her first response provided. (*Compare* Doc. 20-1 at 30 *with* Doc. 20-1 at 32.) Abdel-Hakim argues she has been unable to access other relevant texts due to a transition between phones. (Doc. 20 at 4.) She must produce *all* relevant text conversations, not merely excerpts—and if she no longer has access to conversations she previously partially-produced, she must certify under oath that she no longer has access and describe her efforts to locate all responsive messages. *Bryant v. Armstrong*, 285 F.R.D. 596, 603 (S.D. Cal. 2012). Abdel-Hakim is warned that in some circumstances, documents that have been destroyed or lost are presumed relevant to the merits of the case and presumed to be adverse to the party that destroyed or lost it. *Leon v. IDX Sys. Corp.*, 464

F.3d 951, 959 (9th Cir. 2006); *see also Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 993 (N.D. Cal. 2012).

Mayo also provides evidence Abdel-Hakim's discovery responses regarding her post-Mayo employment are inconsistent. (Doc. 20 at 3.) Unlike her medical records, Abdel-Hakim has not identified any significant privacy interest in her employment records and she must produce records of all her post-employment earnings.

Mayo requests the court permit it to serve subpoenas on Abdel-Hakim's subsequent employers for purposes of its mitigation defense. (Doc. 20 at 3.) The subpoenas cover her entire personnel files, including payroll and wage records, employee benefits records, and attendance and job performance records. (Doc. 20-1 at 34.) Abdel-Hakim does not object to more narrowed subpoenas which would include payroll and wages, benefits, and hours, but she objects to sharing certain topics like disciplinary records, performance evaluations, and employer-held medical information. (Doc. 20-2 at 7.) It is not apparent how Abdel-Hakim's job performance and post-Mayo medical information would be relevant to Mayo's mitigation defense. (*See* Doc. 20 at 3.) Even in cases where the moving party aims to show mitigation, damages, *and* employee credibility, courts have found only "far narrower" personnel file requests to be appropriate. *See Mooney v. Roller Bearing Co. of Am. Inc.*, No. C20-1030 MJP, 2021 WL 5299140, at *3 (W.D. Wash. Nov. 15, 2021). Mayo may therefore serve limited subpoenas on Abdel-Hakim's post-Mayo employers that do not include requests for supervisory files, disciplinary records, performance evaluations, and employer-held medical information.

Accordingly,

**IT IS ORDERED** Abdel-Hakim must provide Mayo with a list identifying all medical providers who treated her for the conditions related to her claims and sign a full HIPAA release that will permit Mayo to request records from those providers. She also must produce the full text communications for which she has already provided excerpts and if she cannot access them, she must certify under oath as to her access and efforts to locate the communications. She must also produce records of her post-Mayo earnings.

Mayo may serve Abdel-Hakim's post-Mayo employers with personnel file subpoenas that exclude requests for supervisory files, disciplinary records, performance evaluations, and employer-held medical information.

Dated this 20th day of July, 2026.

Honorable Krissa M. Lanham
United States District Judge