**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Najah Abdel-Hakim,

Plaintiff,

v.

Mayo Clinic,

Defendant.

No. CV-25-04078-PHX-KML

**ORDER**

The parties have submitted another joint summary of discovery disputes in this employment discrimination action between plaintiff Najah Abdel-Hakim and defendant Mayo Clinic Arizona ("Mayo"). (Doc. 22.)

On July 21, 2026, this court ordered Abdel-Hakim to provide Mayo a list identifying medical providers who treated her for conditions related to her claims and sign full releases permitting Mayo to request records from those providers. (Doc. 21 at 3-4.) Abdel-Hakim has refused to sign full HIPAA releases for all relevant providers because of the releases' alleged overbreadth and because her social security number would be included in those releases. (Doc. 22 at 2-3; *see* Doc. 22-1 at 8.)

Abdel-Hakim has identified eight providers who treated her for medical conditions relevant to her claims.[1] (Doc. 22-1 at 8.) She still objects to Mayo's drafted HIPAA releases

[1] Mayo alleges Abdel-Hakim did not provide the required list (Doc. 22 at 3), but a list of eight providers is attached to the motion, suggesting either she did identify those providers, or the parties built that list together (Doc. 22-1 at 8). If there are any additional providers Abdel-Hakim has not shared with Mayo, she must do so. However, it seems Mayo is satisfied with these eight providers, for whom it has now prepared releases. (Doc. 22 at 3.)

for records from those providers because they request "any and all protected health information" and the "entire record." (Doc. 22 at 4.) She provides alternative language for the requests that limit them to the specific records she believes are relevant to her claim. (Doc. 22-1 at 8 (also proposing record request be limited to "treatment related to the claims and damages in this case").) But she already had her opportunity to ask the court to limit the requests, and this court already ruled Mayo "may obtain *full* records from all providers who treated Abdel-Hakim for the medical conditions related to her claims." (Doc. 21 at 2 (emphasis added).) Abdel-Hakim cannot relitigate the issue now. As the previous order states, she must sign Mayo's drafted full release for each provider she has identified as having relevant records to her claims. (*See* Doc. 21 at 3-4.) This applies despite Abdel-Hakim's additional objection to including her social security number on those requests, because it is routine to provide social security numbers on medical-records requests so those third parties can easily identify the correct records. *See Kernan v. I.R.S.*, No. MC-05-0172-PHX-JAT, 2006 WL 2091668, at *5 (D. Ariz. July 25, 2006) (social security number generally included on summons to ensure third party produces correct documents); *Tilley v. Weiser, No*. CIVS050228LKKGGHPS, 2006 WL 1084270, at *5 (E.D. Cal. Apr. 25, 2006), *report and recommendation adopted*, No. CIVS050228 LKK GGHPS, 2007 WL 223783 (E.D. Cal. Jan. 26, 2007) (medical release contained social security number). Her social security number will not be made public. *See* Fed. R. Civ. P. 5.2(a)(1) (social security numbers redacted in public filings).

Although Abdel-Hakim's objections are inconsistent with this court's previous order—such that she should read court orders and think more carefully about whether her positions are reasonable in the future—it appears she is cooperating in discovery. Mayo's requested sanction is therefore denied. *See Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981) (courts "reluctant to impose penalties against any litigant, particularly one appearing pro se"). But Abdel-Hakim is explicitly warned that sanctions may become appropriate if she continues to resist discovery explicitly authorized by the court, and reminded that those sanctions may negatively impact her ability to litigate her case, *see* Fed. R. Civ. P.

37(b)(2)(A). (*See also* Doc. 21 at 2-3.)

Accordingly,

**IT IS ORDERED** Abdel-Hakim must sign the eight HIPAA releases in the form that was attached as Exhibit A to the second written statement of discovery dispute (Doc. 22-1 at 2-3). Abdel-Hakim must sign and deliver the HIPAA releases within three business days of the date of this order.

Dated this 14th day of August, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**